J1V9GUOC

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                          19 CR 39 (JMF)

5    SHAO JUN GUO, ET AL.,

6              Defendants.

7    ------------------------------x

8                                          New York, N.Y.
                                           January 31, 2019
9                                          11:42 a.m.

10
     Before:
11
                     HON. JESSE M. FURMAN
12
                                           District Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

J1V9GUOC

1                                    APPEARANCES

2       GEOFFREY S. BERMAN
                United States Attorney for the
3               Southern District of New York
        ELIZABETH ESPINOSA
4       RYAN FINKEL
                Assistant United States Attorneys
5
6       BENNETT M. EPSTEIN
                Attorney for Defendant Shao Jun Guo
7       LISA SCOLARI
                Attorney for Defendant Jian Feng Jiang
8
9       RICHARD B. LIND
        JUSTIN L. HEIFERMAN
                Attorneys for Defendant Yue Juan Chen
10
11      DIANE FERRONE
        LAWRENCE J. FREDELLA
                Attorneys for Defendant Zhurong Gao
12
13      STEVEN G. BRILL
                Attorney for Defendant Shui Ying Lin
14      DANIEL A. MCGUINNESS
                Attorney for Defendant Wo Kit Cheng
15
16
17
18      ALSO PRESENT:
19      NANCY WU, Mandarin Interpreter
        BRENDA CHIN, Foochow Interpreter
20
21
22
23
24
25

J1V9GUOC

1          (Case called)

2          THE COURT:  This is in the matter of United States v.

3     Guo, et al.  Counsel would you please state your names for the

4     record.

5          MS. ESPINOSA:  Good morning, your Honor.  Elizabeth

6     Espinosa and Ryan Finkel for the government.  And we're joined

7     at counsel table by Postal Inspector John Galvin.

8          MR. EPSTEIN:  Good morning, your Honor.  Bennett M.

9     Epstein.  I'm appointed to represent Shao Jun Guo, who is the

10    first named defendant in this case.

11         MS. SCOLARI:  Good morning, your Honor.  Lisa Scolari

12    for Jian Jiang Feng, who is in the jury box being assisted by

13    the Mandarin interpreter.  The Court should be aware, as I've

14    advised the government, that my client's correct name is Jian

15    Feng Jiang.  The middle name on the indictment is actually his

16    last or family name.

17         THE COURT:  Mr. Epstein, could you tell me where your

18    client is seated.

19         MR. EPSTEIN:  Yes.  He's seated at the first seat and

20    assisted by the Mandarin interpreter.

21         THE COURT:  All right.  Thank you.

22         MR. LIND:  Richard Lind.  I was appointed for Ms. Yue

23    Juan Chen who is seated in the white shirt raising her hand.

24    New counsel has been retained and I request to be relieved.

25         THE COURT:  All right.  Give us a moment on that

J1V9GUOC

1    front.

2              Before we go there, Ms. Scolari, am I correct that the

3    name is just inverted so that -- what is on the indictment is

4    the third name should be the middle name?

5              MS. SCOLARI:  Yes, your Honor.  Thank you.

6              THE COURT:  And counsel, retained counsel for, I don't

7    know if it's Ms. Chen or Ms. Juan.

8              MR. HEIFERMAN:  On behalf of Ms. Chen, your Honor,

9    I've been retained, Justin Heiferman 136-20 38th Avenue,

10   Flushing, New York.

11             THE COURT:  Good morning.

12             And is Mr. Fredella here as well?

13             MR. FREDELLA:  Yes, your Honor.  Lawrence Fredella

14   F-R-E-D-E-L-L-A.  30 Wall Street, 8th Floor, New York

15   New York.  I'm going to represent the fourth defendant Zhurong

16   Gao G-A-O.  There is a Fuzhou interpreter present in the

17   courtroom.  Ms. Gao is seated here with the purple and white

18   shirt.

19             THE COURT:  So I have been told that both of you wish

20   to or were planning to represent both Ms. Chen and Ms. Gao but

21   is that incorrect?

22             MR. FREDELLA:  That's going to be incorrect at this

23   time.  That was the case yesterday.  We spoke with the

24   Assistant U.S. Attorney who indicated that they might move for

25   a Curcio hearing.  And in order to avoid that we've separated

J1V9GUOC

1    out the defendants.  Our law firms are actually separate.  So

2    Mr. Heiferman will represent Ms. Chen and I will represent

3    Ms. Gao.

4             THE COURT:  OK.  Ms. Espinosa, let me ask you.  Any

5    issues on that front?  And if not, can we let Mr. Lind and I

6    think counsel -- appointed counsel for Ms. Gao, can they go?

7             MS. ESPINOSA:  We have no objection to that, your

8    Honor.  That's fine.

9             THE COURT:  Keep your voice up.

10            MS. ESPINOSA:  I apologize, your Honor.  No objection

11   from the government to that.

12            THE COURT:  OK.  With that I'll relieve Mr. Lind and

13   you may go.  And, I think, Ms. Ferrone, you're here for

14   Ms. Gao; is that correct?

15            MS. FERRONE:  Yes, your Honor.  I'm here on behalf of

16   Dawn Cardi who had an 11 a.m. before Judge Berman.  Ms. Cardi

17   was assigned counsel and we would ask to be relieved in light

18   of new counsel being retained.

19            THE COURT:  All right.  Little did Ms. Cardi know that

20   she could have been here by now but, be that as it may, she's

21   relieved.  You are excused.

22            We will proceed.

23            Number five, Mr. Brill.

24            MR. BRILL:  Yes.  Good morning, your Honor.  Sullivan

25   and Brill by Steven Brill for Shui Ying Lin.  She's here as

J1V9GUOC

1    well in your jury box in seat no. three.  And she's also being

2    assisted by the Mandarin interpreter.

3          THE COURT:  All right.  Very good.  And, finally, last

4    but not least.

5          MR. McGUINNES:  Good morning, your Honor.  Daniel

6    McGuinnes for Wo Kit Cheng.  He is second to the right in the

7    jury box.  And he's being assisted by the Mandarin interpreter

8    as well.

9          THE COURT:  Good morning still.  Welcome to all of

10    you.  Apologize for the delays this morning.  I also apologize

11    that we're working without the microphone system so the

12    interpreter is doing her best.  But please speak up and speak

13    into a microphone so that I can hear you and the court reporter

14    can hear you and what have you.

15          We are here for the initial conference and arraignment

16    in this matter.  Unless there's something we should address

17    first I'll proceed to arraign each of the defendants on the

18    indictment 19 CR 39.

19          Ms. Espinosa, anything to take up before that?

20          MS. ESPINOSA:  No, your Honor.  We can proceed to the

21    arraignment.

22          THE COURT:  So, for the defendants, what I will do is

23    I'm going to go in order and ask each of you four questions.

24          Counsel if you want when I get to your client you can

25    stand and go near them if you like or you can stand and be

J1V9GUOC

1    wherever you are presently if you like.

2            MS. SCOLARI:  Your Honor, just so the Court knows, we

3    had thought the defendants had been arraigned in magistrate's

4    court so I have not prepared Mr. Jiang to answer the Court's

5    question.  So I would definitely like to stand next to him and

6    assist him because he's not expecting to be arraigned now.

7            MS. ESPINOSA:  Just to clarify, your Honor.  There was

8    some confusion in magistrate court as to whether they were

9    being arraigned and presented or merely arraigned.  Judge

10   Lehrburger did withdraw the three guilty pleas on the record

11   that were entered -- not guilty, I apologize.  Not guilty

12   pleas.  And I believe the docket notices were entered by

13   mistake so all six do still need to be arraigned.

14           THE COURT:  All right.  My general practice is not to

15   refer for purposes of arraignment, at least if I'm in the

16   district.  So that's consistent with my practice.  In any

17   event, I will arraign them all.  And counsel if you need --

18   does anyone need to speak with their client before?

19           MS. SCOLARI:  It would be helpful, your Honor.

20           MR. FREDELLA:  Yes, your Honor.

21           MR. HEIFERMAN:  Yes your Honor.

22           THE COURT:  Let me explain what we're doing and I will

23   give you a chance to speak with your client if you wish.  My

24   plan for the defendants is I'm going to ask each of you four

25   questions.  First, whether you have seen a copy of the

J1V9GUOC

1    indictment with the charges against you and whether it has been

2    translated into whatever your native language is.  Second,

3    whether you have discussed the indictment with your lawyer.

4    Third, whether you would like me to read the indictment out

5    loud or do you waive its public reading.  And last, how you

6    plead at this time, guilty or not guilty.  So I'll ask each of

7    you those questions and counsel if you want a moment to speak

8    with your client please take it now.

9              (Counsel and defendants confer)

10             THE COURT:  All right.

11             MR. FREDELLA:  Thank you, your Honor.

12             THE COURT:  So let me start with defendant number one,

13   Shao Jun Guo.  I apologize in advance for mispronouncing.

14             MR. EPSTEIN:  I think it's Guo.

15             THE COURT:  As I said, I apologize in advance for

16   mispronouncing probably all of the names.

17             Mr. Guo, if you would please rise.  Have you seen a

18   copy of the indictment 19 CR 39 containing the two charges

19   against you?

20             DEFENDANT GUO:  Yes, I have.

21             THE COURT:  And have you discussed the charges with

22   your lawyer, with Mr. Epstein?

23             DEFENDANT GUO:  Yes, I did.

24             THE COURT:  Do you waive the public reading of the

25   indictment?

J1V9GUOC

1          DEFENDANT GUO:  Yes.

2          THE COURT:  And how do you plead at this time, guilty

3    or not guilty?

4          DEFENDANT GUO:  Not guilty.

5          THE COURT:  Thank you.  You may be seated.

6          Mr. Jiang, you can remain seated if you like.  I know

7    you have an injury so if you want to remain seated that's fine.

8          Have you seen a copy of the indictment.

9          DEFENDANT JIANG:  Yes, I have.

10         THE COURT:  And I think I neglected to ask Mr. Guo

11   this.

12         Was it translated into your native language?

13         DEFENDANT JIANG:  In Mandarin, yes.

14         THE COURT:  And did you discuss it with Ms. Scolari

15   later?

16         DEFENDANT JIANG:  Yes, I have.

17         THE COURT:  And do you waive its public reading?

18         DEFENDANT JIANG:  That's right.

19         THE COURT:  And how do you plead at this time, guilty

20   or not guilty.

21         DEFENDANT JIANG:  Not guilty.

22         THE COURT:  All right.  Thank you.

23         Could I just go back to Mr. Guo for one second.

24         Can you confirm that the indictment was translated

25   into your native language, into Mandarin?

J1V9GUOC

1          DEFENDANT GUO:  Yes.

2          THE COURT:  OK.  Thank you.  Now we'll move to

3    Ms. Chen.  Have you seen a copy of the indictment?

4          DEFENDANT CHEN:  (In English) Yes.

5          THE COURT:  I see you answered in English.

6          You're welcome to speak whatever language you're most

7    comfortable in.

8          Have you discussed -- was it translated for you into

9    your native language?

10          DEFENDANT CHEN:  Yes.

11          THE COURT:  And have you discussed it with your

12    lawyer?

13          DEFENDANT CHEN:  Yes.

14          THE COURT:  And would you -- do you waive its public

15    reading?

16          DEFENDANT CHEN:  Yes.

17          THE COURT:  And how do you plead at this time, guilty

18    or not guilty?

19          DEFENDANT CHEN:  Not guilty.

20          THE COURT:  Thank you.  You may be seated.

21          Ms. Gao, I understand you're a Fuzhou speaker; is that

22    correct?

23          DEFENDANT GAO:  Yes.

24          THE COURT:  Have you seen a copy of the indictment,

25    19 CR 39?

J1V9GUOC

1              DEFENDANT GAO:  Yes.

2              THE COURT:  And was it translated for you into your

3    native language, into Fuzhou?

4              DEFENDANT GAO:  Yes.

5              THE COURT:  And have you discussed it with your

6    lawyer?

7              DEFENDANT GAO:  Yes.

8              THE COURT:  And do you waive its public reading?

9              DEFENDANT GAO:  Yes.

10             THE COURT:  And how do you plead at this time, guilty

11   or not guilty?

12             DEFENDANT GAO:  Not guilty.

13             THE COURT:  Thank you.  You may be seated.

14             Next, Ms. Lin.  Have you seen a copy of the

15   indictment.

16             DEFENDANT LIN:  Yes, I have.

17             THE COURT:  Was it translated into Mandarin for you?

18             DEFENDANT LIN:  Yes.

19             THE COURT:  Did you discuss it with your lawyer?

20             DEFENDANT LIN:  Yes.

21             THE COURT:  Do you waive its public reading?

22             DEFENDANT LIN:  Yes.

23             THE COURT:  And how do you plead at this time, guilty

24   or not guilty?

25             DEFENDANT LIN:  Not guilty.

J1V9GUOC

1          THE COURT:  Thank you.  You may be seated.

2          And last, Mr. Cheng.  Have you seen a copy of the

3     indictment?

4          DEFENDANT CHENG:  Yes, I have.

5          THE COURT:  Have you discussed it with your lawyer?

6          DEFENDANT CHENG:  Yes, I have.

7          THE COURT:  Was it translated into your native

8     language, into Mandarin?

9          DEFENDANT CHENG:  Yes.

10          THE COURT:  And do you waive its public reading?

11          DEFENDANT CHENG:  Yes.

12          THE COURT:  How do you plead at this time, guilty or

13     not guilty?

14          DEFENDANT CHENG:  Not guilty.

15          THE COURT:  Thank you.  You may be seated as well.

16          All right.  Ms. Espinosa, if you could tell me a

17     little bit beyond what I might know from the indictment about

18     the nature of the charges here, that would be helpful.

19          MS. ESPINOSA:  Yes, your Honor.  As you see, it is a

20     case where the defendants are charged in trafficking in

21     contraband cigarettes and conspiracy to do the same.  We are

22     preparing to begin producing discovery in this case.  We intend

23     to make our first production early next week.  The discovery in

24     the first production consists of photos and videos primarily.

25     And it is about 19 gigabytes of data.  We intend to make

J1V9GUOC

subsequent productions as well, some of which will include

additional photos and surveillance video as well as documents

from subpoena returns, including some financial records,

ledgers, additional documents related to mailing history and

search warrant applications, etc.  Some of the discovery will

require translation though I believe the majority of it will be

in English.  The types involving translation will be recordings

of undercover buys, some ledgers, text message communication

and consensual recordings.

        Your Honor, we'd also like to note that we, in an

abundance of caution, will be submitting a request for a

protective order that will only impact a very small percentage

of the discovery and will not have any impact on the first

production going out early next week.  And this would be a

protective order in which we would seek to not limit the

defendants' right to view any of the discovery at all.  It

would merely be to prevent them from separately possessing a

copy separate from their counsel and would only relate to the

identification of a cooperating witness.

        Thank you, your Honor.

        THE COURT:  A couple of questions.  First, did any of

these defendants make any postarrest statements?

        MS. ESPINOSA:  Yes, your Honor.  Two of the defendants

made postarrest statements.

        THE COURT:  And who -- which ones?

J1V9GUOC

1          MS. ESPINOSA:  Mr. Guo and Mr. Jiang in the indictment

2     listed as Mr. Feng.

3          THE COURT:  Were those statements recorded?

4          MS. ESPINOSA:  They were recorded, your Honor.

5          THE COURT:  And Mirandised?

6          MS. ESPINOSA:  Yes, your Honor.

7          THE COURT:  And you mentioned search warrants.  Can

8     you tell me a little bit more about that, where they were?

9          MS. ESPINOSA:  Yes, your Honor.  The search warrants

10    were executed when the defendants were arrested on a number of

11    locations in Manhattan and Brooklyn and a number of those were

12    seized -- and one location in Queens as well, I'm told.

13          We had also a GPS warrant and a prior package warrant

14    as well in this case.

15          THE COURT:  All right.  You mentioned text messages.

16    Were those obtained consensually?

17          MS. ESPINOSA:  Yes, your Honor.

18          THE COURT:  And what's the status of the speedy trial

19    clock?

20          MS. ESPINOSA:  It's been excluded since indictment,

21    your Honor.

22          THE COURT:  And how long would it take you to produce

23    all discovery in your possession?

24          MS. ESPINOSA:  I expect, your Honor, we would be able

25    to produce everything in our possession currently within

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

J1V9GUOC

1   several weeks.

2          THE COURT:  All right.  Very good.

3          So why don't I give the government three weeks.  Does

4   that suffice?

5          MS. ESPINOSA:  I believe that should be sufficient,

6   your Honor, for what we have currently.

7          THE COURT:  So I will give you three weeks to produce

8   discovery with the understanding that you'll be producing it on

9   a rolling basis.  It sounds like you're starting that

10  imminently.  And then counsel, as you may know, some of you

11  have appeared in front of me before.  My general practice is to

12  set a pretrial motion deadline.  Sounds like things will be a

13  little complicated here by virtue of the need for translation

14  of at least some materials.  But my question for you, and if

15  you want to take a moment to confer with one another, is how

16  much time you would need to review the discovery and decide

17  what, if any, motions you plan to bring.

18          MR. EPSTEIN:  Your Honor, could we ask for just a

19  brief clarification from the government.  In our conversations

20  before your Honor took the bench we were told that there were

21  going to be two waves of discovery.  So does the three-week

22  window which the government said they could produce discovery,

23  does that encompass both waves of discovery or is that just the

24  first wave?

25          THE COURT:  I think that's all discovery with the

J1V9GUOC

1   understanding that the first wave with the videos and

2   photographs would be produced as early as tomorrow.

3          Is that what you said?

4          MS. ESPINOSA:  We would -- I think early next week is

5   more likely than tomorrow for the first wave, but it would be

6   everything within three weeks, your Honor.

7          THE COURT:  So everything within three weeks.

8          MR. EPSTEIN:  Is the protected discovery going to be

9   produced on the same thumb drive that the rest of the discovery

10  is going be to produced on?

11         MS. ESPINOSA:  The protective discovery, your Honor,

12  will not be included in the first production.

13         THE COURT:  Speak up and into the microphone.

14         MS. ESPINOSA:  I apologize, your Honor.

15         The protected discovery will not be included in the

16  first production so there will be no issue with regards to that

17  one.  We can, for convenience, place it on a separate drive

18  or -- we can work with defense counsel to do what is most

19  convenient with regards to that.

20         MR. EPSTEIN:  That's fine, Judge.  Thank you.

21         THE COURT:  And let me briefly address that.  Counsel

22  should all confer with respect to the proposed protective

23  order.  Obviously, if there are any disputes with respect to it

24  you can bring them to may attention.  But if everybody consents

25  to it or is in agreement that it's appropriate, then the

J1V9GUOC

1    government can just submit it to me and it will presumably be

2    so ordered if I don't have a problem with it, and I would do

3    that sooner rather than later so it doesn't delay the

4    production of any of the discovery.  So with that if you all

5    want to talk briefly about how long you would need, we'll go

6    from there.

7              (Counsel confer)

8              MS. SCOLARI:  Your Honor, we have a consensus.

9              THE COURT:  Hold on one second.

10             MS. SCOLARI:  Sorry.

11             Your Honor, we would like until the end of May to file

12   motions.  What we are considering is that we need approximately

13   two months to review the material.  One of the reasons for that

14   is our clients, as you can see, don't speak English.

15   Consulting with them will require assistance of interpreters.

16   In addition, some of this material is going to require

17   interpretation.  The government may be producing transcripts

18   but we don't know when.  So chances are the defense is going to

19   have to do our own work in that regard.  After we have two

20   months to review, we'd like to have a month to file motions.

21             I can tell you now, based on what I have seen, I do

22   anticipate a motion to suppress -- not the statements, although

23   there are statements attributed to my client, I have to,

24   obviously, explore that -- but a motion to suppress property

25   that was recovered from a location that was purportedly his.

J1V9GUOC

1          THE COURT:  All right.  Anyone else wish to be heard

2     on that or does Ms. Scolari speak for all of you?

3          All right.  Good.  I'll set a deadline for the filing

4     of any defense motions of May 24.

5          The government's opposition would be due -- I think

6     given the number of defendants I will give the government three

7     weeks until Jun 14 to oppose any and all motions in a single

8     consolidated submission.

9          And then any replies would be due by June 21.

10          I would say -- I don't know if there will be any

11     Bruton-type issues, but in my experience those tend to make

12     sense to defer those usually until closer to trial on the

13     theory that sometimes they are mooted for one reason or

14     another.  So I would say hold off on any Bruton-type motions

15     but, otherwise, that's the deadline and briefing schedule for

16     any motions.

17          I will have you back shortly after the motion deadline

18     before the government's opposition is due not because I would

19     short circuit the briefing but just to get a jump on things.

20     If there is a hearing that would be necessary, we'll schedule

21     it at that time.

22          And in case you don't know, my practice is to schedule

23     a trial at the second pretrial conference.  So when you come

24     back you should anticipate that I will be scheduling trial and

25     everybody should understand that when I schedule trial it is a

J1V9GUOC

1    firm date as far as I am concerned.  So confer with one another

2    before the next conference with respect to both whether there's

3    a need for a hearing as to any motion and also with respect to

4    a trial date and then we will discuss those things at that next

5    conference.

6          In particular, I will have you back on Tuesday, June 4

7    at 3:30 in the afternoon.  And, again, we'll talk about the

8    need for a hearing.  Any motions that are filed, you should

9    certainly be prepared to address them, even if I will allow the

10   briefing to proceed along the schedule that I set, and a trial

11   date.

12         Any other matters that we need to discuss?

13         MS. ESPINOSA:  Not from the government, your Honor.

14         MS. SCOLARI:  Your Honor, I just had one issue as to

15   Mr. Jiang and you may wish to let the other parties go.  It's

16   up to you.

17         THE COURT:  Well why don't we address it, unless it

18   would be appropriate to let them go, let's just take it up and

19   then I'll let everybody go so I can get to the last matter on

20   my calendar.

21         MS. SCOLARI:  Your Honor, I have handed up to your

22   deputy a subpoena that I would ask the Court to consider

23   signing.  I've actually shown it to the government.  They don't

24   object to it.  It's for my client's personal medical records.

25   Although I can submit a HIPAA release, I often find that

J1V9GUOC

1   hospitals respond better when they get a subpoena from the

2   Court.

3              THE COURT:  Ms. Espinosa.

4              MS. ESPINOSA:  No objection from the government, your

5   Honor.

6              THE COURT:  All right.  I will sign that and you may

7   need a HIPAA release any way, I don't know.

8              MS. SCOLARI:  I have it.  Thank you.

9              THE COURT:  I'll leave it to you.

10             So that's taken care of.

11             Is there an application with respect to the speedy

12  trial clock?

13             MS. ESPINOSA:  Yes, your Honor.

14             I move to exclude time under the Speedy Trial Act

15  until June 4 at 3:30 p.m.

16             THE COURT:  Any objection?  If not, you can remain

17  quiet but if there is an objection this is your moment.

18             All right.  I should say anything else from the back

19  table?

20             In light of that, I will exclude time under the Speedy

21  Trial Act between today and June 4, 2019.  I find that the ends

22  of justice served by excluding that time outweigh the interests

23  of the defendants and the public in a speedy trial to allow the

24  defendants and counsel to review the discovery, consider

25  whether there are any motions to be brought and file those

J1V9GUOC

1  motions.

2          All right.  Anything else?  If so, this is your

3  moment.  Otherwise, we will adjourn.

4          Thank you very much for your patience.  Thank the

5  interpreters.  And I'll stay on the bench.  The matter is

6  adjourned.

7          (Adjourned)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25