**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 22, 2019

**BY ECF**
Hon. Jesse M. Furman
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> **Re:** *United States v. Shao Jun Guo*, 19 Cr. 039 (JMF)

Dear Judge Furman:

The Government respectfully submits this letter in advance of sentencing in this matter, which is currently scheduled for October 29, 2019, at 3:30 p.m. For the reasons explained below, the Government submits that a sentence within the stipulated Guidelines range of 30 to 37 months imprisonment (the "Stipulated Guidelines Range") would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing.

## I.    Factual Background

The defendant was part of a contraband cigarette trafficking organization (the "Cigarette Trafficking Organization") that smuggled large quantities of contraband cigarettes into New York City from China or states in the southern region of the U.S. (PSR ¶18.)

The defendant was a supplier of contraband cigarettes from China and supplied his codefendants Shui Ying Lin, Wo Kit Cheng, Yue Juan Chen, and Zhurong Gao, among others, with contraband cigarettes. (*Id.*) The defendant ordered the contraband cigarettes from China and shipped them into the United States through the United States Postal Service ("USPS"). (*Id.*) The defendant took steps to conceal the nature of his shipments from China by shipping them to multiple addresses under multiple names.

On January 23, 2019, the Government executed a search warrant of the defendant's garage and seized approximately 10,204 cartons of contraband cigarettes. The Government also seized mailing labels from the defendant's garage addressed to 24 different addresses to which the defendant shipped contraband cigarettes. (*Id.*)

Relative to his codefendants, the defendant ranks approximately in the middle in terms of individually attributable tax losses.

**II.      Stipulated Guidelines Range and Loss Amount**

The Government determined that the stipulated Guidelines range contained in the defendant's plea agreement dated June 12, 2019, incorrectly included federal excise taxes and New York state sales tax in the loss amount.  Pursuant to the United States Sentencing Guidelines §2E4.1 Application Note 1 "'tax evaded' refers to state and local excise taxes."  The total tax evaded attributed to the defendant, not including federal excise tax and New York state sales tax, is $2,369,694.60.  Deducting federal excise tax and New York state sales tax from the tax evaded does not change the defendant's Guidelines calculation.  Pursuant to U.S.S.G. §§ 2E4.1(a)(2) and 2T4.1(I), because the total tax evaded remains greater than $1,500,000 but less than $3,500,000, the offense level is 22.  The total offense level is 19, after accounting for acceptance of responsibility, which results in a Guidelines range of 30 to 37 months imprisonment.

The defendant describes the loss amount to which he stipulated as "inflated and fictitious" and "especially arbitrary."  (*See* Dkt. No. 132 at 2 and 6.)  As a preliminary matter, the defendant pled guilty pursuant to a plea agreement that contained a stipulated loss amount and he cannot now challenge that loss amount without breaching the plea agreement.  Second, it is notable that the defendant neither points out specifically what makes the loss amount calculations fictitious and arbitrary nor provides an alternative calculation.

In any event, the loss amount calculation is based on mailing records for the 24 addresses identified on mailing labels during execution of the Government's search warrant.  The Government reviewed mailing records for the 24 addresses and determined that they received approximately 1036 parcels shipped from China that met the same criteria as those seized in the execution of the search warrant that contained contraband cigarettes.  In order to determine the loss amount, the Government multiplied the average number of cartons per parcel seized during execution of the search warrant (39.1 cartons per parcel) by the number of parcels shipped to the 24 addresses, for a total of 40,507.6 cartons.  *See United States v. Bryant*, 128 F.3d 74, 75 (2d Cir. 1997) ("In establishing sentencing tables that tie a defendant's offense level to the amount of loss caused by his offense, *see, e.g.*, Guidelines § 2T4.1 (loss caused by tax offenses) . . . , the Guidelines do not require that the sentencing court calculate the amount of loss with certainty or precision.  The § 2T1.1 commentary . . . states that 'the amount of the tax loss may be uncertain,' and it envisions that 'indirect methods of proof [may be] used. . . .'  It states expressly that 'the guidelines contemplate that the court will simply make a reasonable estimate based on the available facts.'").  Notably, the mailing records used to determine these tax losses begin in approximately January 2017—however, the Government's evidence shows that the defendant was engaged in trafficking in contraband cigarettes for several years prior to 2017.  Because the Government based the loss amount only on the records still available, the result is a very conservative loss amount that likely substantially underestimates the defendant's actual culpability.  The tax losses were determined using the below calculations:

40,507.6 Cartons X 10 Packs X $4.35USD NY State Excise Tax = $1,762,080.60USD (NY State Excise Tax Loss)

40,507.6 Cartons X 10 Packs X $1.50USD NY City Excise Tax = $607,614.00USD (NY City Excise Tax Loss)

Total Tax Evaded:  $2,369,694.60

On June 19, 2019, the defendant signed a Preliminary Order of Forfeiture in the amount of $3,240,608, which is equal to the total federal, state, and city excise taxes and New York state sales tax loss attributable to the defendant.  The Government subsequently revisited the issue of forfeiture and is now seeking forfeiture of gross profits attributable to the defendant.  *See United States v. Peters*, 732 F.3d 93, 95 (2d Cir. 2013) (holding that Title 18, United States Code, Section 982 requires forfeiture of the gross receipts attributable to the criminal violation).  The Government's evidence indicates that the price per carton of contraband Chinese cigarettes ranges from $20 to $35.  Applying the conservative end of this range (40,507.6 cartons of contraband Chinese cigarettes multiplied by $20 per carton), the gross proceeds total $810,152.  The Government will provide a revised forfeiture order at sentencing.[1]

## III.   Discussion

### A.   Applicable Law

As the Court is aware, the Sentencing Guidelines continue to provide importance guidance to sentencing courts following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).  Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall v. United States*, 552 U.S. 38, 46 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings.  *Id.* at 49.  After that calculation, however, Your Honor must consider the seven factors outlined in 18 U.S.C. § 3553(a), which include the nature and circumstances of the offense, the individual characteristics of the defendant, and the purposes of sentencing.  *Id.* at 50 & n.6.  In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

> (B) to afford adequate deterrence to criminal conduct;

> (C) to protect the public from further crimes of the defendant; and

> (D) to provide the defendant with needed educational or vocational training,

> medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

---

[1] The Government is seeking forfeiture in the amount listed in the plea agreement—$3,240,608— as this is the total federal, state, and city excise tax and New York state sales tax loss proximately caused by the defendant's criminal activity.  *See* 18 U.S.C. § 3663A(a)(2).

**B.      A Sentence Within the Stipulated Guidelines Range is Reasonable**

The Government respectfully submits that a sentence within the Stipulated Guidelines Range is sufficient, but not greater than necessary, to comply with the purposes of sentencing due to the nature and seriousness of the offense, the need to afford adequate deterrence to criminal conduct, and the need to promote respect for the law.

*First*, a sentence within the Stipulated Guidelines Range adequately reflects the seriousness of the defendant's conduct.  The defendant committed a serious crime by participating in a cigarette trafficking organization that smuggled tens of thousands of cartons of cigarettes into the United States and himself smuggled tens of thousands of cartons of contraband cigarettes into the United States.  The defendant's participation in this scheme was not short lived—it was a conspiracy that lasted for years and was wide-ranging.  Further, at the time when he was arrested, a substantial number of cartons of contraband cigarettes were seized at the defendant's garage.

*Second*, the need for specific and general deterrence, and the importance of promoting respect for the law, also support a sentence within the Stipulated Guidelines Range.  The defendant's criminal conduct resulted in a substantial amount tax losses to New York City, New York State, and Federal government.  The Stipulated Guidelines Range appropriately addresses the defendant's disregard for the law, as well as the need specifically to deter future criminality. Similarly, with respect to general deterrence, a sentence within the Stipulated Guidelines Range sends a message to others that such schemes will be taken seriously and punished appropriately.

In sum, a sentence within the Stipulated Guidelines Range would adequately balance the various considerations under Section 3553(a) and achieve the statute's stated objectives.

## IV.      Conclusion

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence within the Stipulated Guidelines Range of 30 to 37 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Very truly yours,

GEOFFREY S. BERMAN
United States Attorney


by:  _/s/Elizabeth A. Espinosa_____
       Elizabeth A. Espinosa
       Ryan B. Finkel
       Assistant United States Attorneys
       (212) 637-2216/-6612